## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **A.P. and B.P.**

**No. 22-0196** (Kanawha County 21-JA-375 and 21-JA-376)

## MEMORANDUM DECISION

Petitioner Mother S.P., by counsel Jason S. Lord, appeals the Circuit Court of Kanawha County's February 14, 2022, order terminating her parental rights to A.P. and B.P.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Andrew T. Waight, filed a response in support of the circuit court's order. The guardian ad litem, Sharon K. Childers, filed a response on behalf of the children in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The DHHR filed the instant petition in June of 2021, where it alleged that petitioner abused and neglected the children by virtue of her drug use, domestic violence in the home, anger control issues, and physical violence toward the children. The following month, the court ordered petitioner to participate in various services. In September of 2021, the court concluded that petitioner abused and neglected the children upon the DHHR's evidence. During the adjudicatory hearing, the court held petitioner's motion for an improvement period in abeyance. According to the court, petitioner could not satisfy her burden for obtaining an improvement period because of her continued use of illegal drugs. The court nonetheless ordered that petitioner's services continue and that she should seek out and complete long-term in-patient drug rehabilitation "due to the lethal cocktail of narcotics presented in [her] drug screens and [her] many years of substance abuse."

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

In January of 2022, the court held a dispositional hearing, during which it found that petitioner failed to comply with services designed to remedy her substance abuse and failed to attend drug rehabilitation. Additionally, the court noted that petitioner did not engage in any services designed to remedy the domestic violence in the home. Finally, the court found that petitioner failed to take responsibility for the conditions that resulted in the abuse and neglect. Accordingly, the court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination of her rights was in the children's best interests. As such, the court terminated petitioner's parental rights.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the court erred in terminating her parental rights without affording her additional time to remedy the conditions of abuse and neglect. We disagree, given that the court found that petitioner failed to take responsibility for her abuse and neglect of the children. As we have explained,

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

---

[2]According to respondents, the father is currently participating in substance abuse treatment. The permanency plan for the children is reunification with the father, while the concurrent plan is adoption in their current placement.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (citation omitted). Because petitioner refused to acknowledge her abuse and neglect of the children, it is clear that she was unable to remedy these conditions.

Petitioner further alleges that without the opportunity to improve, she was unable to correct her parental shortcomings. This argument is a gross misrepresentation of the proceedings below, as petitioner was given ample time to improve but instead chose to continue abusing drugs, refused to complete substance abuse treatment, and failed to undergo services to remedy the domestic violence present in the home. Because the court made the requisite findings, based upon ample evidence, to support termination of petitioner's parental rights, we find no error. *See* W. Va. Code § 49-4-604(c)(6) (permitting a circuit court to terminate parental rights upon finding that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future and when necessary for the child's welfare); *see also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of parental rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood. . . that conditions of neglect or abuse can be substantially corrected").

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 14, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: September 20, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn